JENNIFER SHOOP, Admistrator of the Estate of LARRY W. SCHOOP, Plaintiff-Appellant, *v.* COMMONWEALTH EDISON COMPANY, Defendant-Appellee.

(No. 70-255;

Second District—August 17, 1971.

Morgan, Brittain, Ketcham & Dondanville, of Elgin, for appellant.

O'Brien, Burnell, Puckett & Barnette, of Aurora, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Jennifer Shoop, the duly appointed administrator of the estate of Larry W. Shoop, deceased, on the 14th of May, 1970, filed suit against Commonwealth Edison Company, an Illinois Corporation, for the death of her husband. The Commonwealth Edison Company thereupon filed a motion to dismiss alleging (1) that the complaint failed to state any facts which would constitute negligence on the part of the defendant,

and (2) that the facts alleged in the complaint affirmatively show that Larry W. Shoop, the decedent, was guilty of contributory negligence which proximately caused his death. The trial court on the basis of this motion dismissed the complaint. This appeal followed.

The complaint alleges that on the 7th of September, 1969, the decedent, Larry W. Shoop, was on the roof of his residence in Kane County, Illinois, removing a television antenna. It is further alleged he was in the exercise of due care and caution for his own safety; that he was electrocuted when the television antenna which he was holding came in contact with the wires of the Commonwealth Edison Company. It appears that the Commonwealth Edison Company maintains high voltage electric wires along Elgin road in Kane County, Illinois. Plaintiff further alleges that the Commonwealth Edison Company failed to exercise due care and caution in the installation, maintenance, care and control of said wires and that they were guilty of negligence in so maintaining the wires.

The trial court found upon the pleadings, as a matter of law, that the defendant was not negligent and the plaintiff was contributorily negligent.

The defendant has cited two cases which it contends are controlling. The first is *Merlo v. Public Service Co.* (1942), 381 Ill. 300. In that case the defendant Public Service Company of Northern Illinois maintained an electric distribution line in the parkway between the sidewalk and the street. The plaintiff therein was killed when a drag line machine came in contact with the wires and he was electrocuted. The court submitted the case to the jury and reserved ruling on the motion for a directed verdict of not guilty. The jury found both the drag line company and the Public Service Company guilty and assessed damages against both. The court thereupon entered judgment on the verdict against the defendant drag line company but set aside the verdict as to defendant, Public Service Company. Upon appeal, the Appellate Court reversed the judgment *non obstante veredicto* against the Public Service Company. In a lengthy discussion of the transmission of electricity, the Supreme Court reversed the Appellate court's decision as to the defendant Public Service Company and sustained the judgment of the trial court in favor of the defendant Public Service Company. But the court went on to say:

"In our opinion *there was sufficient evidence in the record* tending to prove the negligence charged against said defendant to warrant the submission of the case to the jury, if it was further established by the evidence that such negligence was the proximate cause of the injury. Manifestly and undoubtedly, neither the lack of insulation nor the sagging wires did anything more than furnish a condition, and the in-

tervening, independent act of the crane operator was the efficient and proximate cause of the fatal injuries to decedents." (Emphasis supplied.)

The second case cited by defendant *Austin v. Public Service Co. of Northern Illinois* (1921), 299 Ill. 112, was likewise a death case where a fourteenth year old boy was electrocuted while walking on a beam on a bridge. The court directed a verdict for defendant at the conclusion of the plaintiff's case saying the "defendant had no business on top of this bridge and no person exercising due care would have been there." The court however, did further state:

"The general rule is that negligence and contributory negligence are questions of fact for the jury, but when the facts are admitted and all reasonable minds agree that the defendant was not negligent in its acts or that the injury was the result of plaintiff's own negligence, the court may, as a matter of law, find that there was no negligence on the part of defendant or that there was no negligence on the part of defendant or that there was such contributory negligence on the part of plaintiff as to defeat a recovery, and so inform the jury by a preemptory instruction. (Citations.) But so long as the question remains whether either party has performed his legal duty or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact. (Citation.) It is for the court to say whether there is sufficient evidence before it to present an issue of fact under the pleadings, and if there is not, it is the duty of the court to direct what verdict shall be returned. (Citation.)"

Both of these cases were submitted to the jury for a hearing on the facts before the court determined, as a matter of law, that the defendant was not guilty of negligence and that the plaintiff was guilty of contributory negligence.

Counsel have likewise cited *Withey v. Illinois Power Company* (1961), 32 Ill.App.2d 163, 177 N.E.2d 254 which is factually quite similar to the instant case, in that the plaintiff there fell from his roof when the antenna he was working on, came in contact with the electric wires of the Illinois Power Company. The jury found against the Illinois Power Company and the owner of the trailer court where plaintiff's trailer was parked. The Appellate Court reversed the judgment against the Power Company stating:

"In view of the record in this case we are forced to the conclusion that plaintiff failed to prove that he was in the exercise of ordinary care for his own safety prior to and at the time of the injury in question

and that his injury was proximately caused by the alleged negligence of the defendants. Such conclusion is so plain and clear that all reasonable men must arrive thereat from a dispassionate consideration of the evidence in this case. The evidence not only failed to show the exercise of ordinary care on the part of the plaintiff prior to and at the time of the injury in question, but on the contrary, showed a complete want of care."

The Supreme Court in the oft-cited case of *Pedrick v. Peoria and Eastern Railroad Company* (1967), 37 Ill.2d 494, 229 N.E.2d 504, adopted and set forth a clarified and concise statement of the law as it applies to directed verdicts and judgments *non obstante veredicto*.

"In our judgments verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

It can thus been seen that the line of distinction as to whether or not contributory negligence or negligence on the part of the plaintiff, is a question of fact or law depends upon the facts in each particular case. In the instant case the trial court held that the complaint did not state a cause of action and that plaintiff's decedent was guilty of negligence that proximately contributed to his death. The complaint states the Plaintiff's decedent was in exercise of ordinary care for his own safety, and that the defendant, in the maintaining of its power lines, was negligent. This court is unable to see how that determination can be made without a hearing as to what factually occurred. It may well be that plaintiff will not be able to prevail when the facts are disclosed, but she certainly should have the opportunity to present those facts for a determination.

Reversed and remanded.

ABRAHAMSON and DIXON, JJ., concur.